UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HULING, | 1:11-cv-01797 LJO DLB |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS (DOC. 10) |
| v. | |
| CITY OF LOS BANOS, GARY BRIZZEE, and EDDIE DOLZADELLI, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, James Huling, brings this lawsuit against the City of Los Banos ("City"), its Chief of Police, Gary Brizzee, and City Police Officer Eddie Dolzadelli. The complaint alleges the following causes of action against all defendants: state law claims for (1) invasion of privacy, (2) defamation, (3) intentional infliction of emotional distress, (4) intentional interference with advantageous relationships, and (5) negligence; and (6) a federal civil rights claim, which invokes 42 U.S.C. §§ 1981, 1983 and 1988. Defendants move to dismiss the civil rights claim, which forms the basis for federal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 10-1. Plaintiff opposes dismissal. Doc. 12. Defendants replied. Doc. 13. The motion was originally set for hearing on January 23, 2012, but the hearing was vacated and the matter submitted for decision on the papers. Doc. 15.

## II. **BACKGROUND**

The factual backdrop for Plaintiff's claims is difficult to discern from the Complaint. To provide some context for the discussion that follows, the Court relies upon Plaintiff's opposition to the motion to dismiss, which explains that Plaintiff was employed as a school teacher in Los Banos Unified School District. *See* Doc. 12 at 2. Plaintiff took medical leave in January 2011 related to a psychiatric condition, and later experienced a psychiatric breakdown at Los Banos Memorial Hospital. *Id*. Because of Plaintiff's "bizarre" behavior, Officer Dolzadelli of the City of Los Banos Police Department responded to the hospital. *Id*.

Plaintiff alleges he was illegally detained by Dolzadelli and that Dolzadelli disclosed to Plaintiff's employer and other members of the general public confidential information about Plaintiff's medical condition. *See* Compl., Doc. 1 at ¶ 6. In addition, Plaintiff alleges that Defendants "conducted a search without probable cause of Plaintiff's home which included threats to Plaintiff's spouse." *Id*. at ¶ 8. Plaintiff also alleges that the City, through its Police Department, and Chief Brizzee "willfully, wantonly, negligently, and carelessly hired, trained, supervised and controlled" officer Dolzadelli. *Id*. at ¶ 6.

## III. **STANDARD OF DECISION**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Plaintiff asserts federal question jurisdiction exists in this case, citing the following statutory provisions: 42 U.S.C. §§ 1320d-1320d-9; Sections 261-262, 264(a)(b)(c) of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); 42 U.S.C. §§ 17931-17939; 42 U.S.C. § 2000ff-5; 42 U.S.C. § 299b-22; 42 U.S.D. § 1981, 1983, and 1988; 45 C.F.R. § 160, 164; and 45 C.F.R. § 162.502(a). In addition, Plaintiff alleges that this Court "is the proper venue for this action under HIPAA §§ 262-62, 264(a)(b)(c); and 42 U.S.C. §§ 17931 through 17939; [and] U.S. Cons. 1st[,] 4th[,] and 14th Amendment in that the illegally disclosed confidential medical information of plaintiff's confinement in Los Banos Memorial Hospital to plaintiff's employer; the search without cause of plaintiff's home; the threats to plaintiff's spouse and other acts alleged herein where committed within this Court's judicial district."  Compl. at ¶ 1.

It appears Plaintiff is asserting: (1) several state law causes of action grounded upon violations of the HIPAA and/or its implementing regulations; and (2) a civil rights claim arising under either § 1981 and/or 1983, based upon alleged First, Fourth, and Fourteenth Amendment violations.

**A.    Federal Civil Rights Claims.**

The sixth cause of action alleges that all Defendants violated 42 U.S.C. § 1981 and/or § 1983 based on an alleged deprivation of Plaintiff's First, Fourth, and Fourteenth Amendment rights.

   **1.    Federal Civil Rights Claims Against the City.**

Defendants move to dismiss the federal civil rights claims against the City, arguing that Plaintiff has failed to satisfy the requirements of *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), which provides that a municipality cannot be liable under § 1983 on a *respondeat superior* theory (i.e., simply because it employs someone who deprives another of constitutional rights). Rather, liability only attaches where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694. Therefore, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). Although *Monell* concerned § 1983, the Supreme Court has extended *Monell* to cases arising under § 1981. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989).

Plaintiff cites paragraphs 8, 14, 17, 25, 26, 34, 42 from the complaint, without any explanation or elaboration, asserting that these allegations satisfy *Monell*. They most certainly do not. The Court,

unlike counsel, carefully reviewed the cited paragraphs, which provide as follows:

> 8.   City, its' Police Department including Chief of Police, Gary Brizzee, officer Eddie Dolzadelli and others whose identity are not presently known in connection with an illegal detention of plaintiff, conducted a search without probable cause of plaintiffs home which included threats to plaintiffs spouse, interference with plaintiffs employment, defamation of plaintiff, which conduct was willfully, wanton, negligent, careless, intrusive, and was personal and embarrassing to plaintiff and was as a result of ill will, retaliation, and misconduct of City and its employees or agents which subjected plaintiff to hatred, contempt or ridicule and caused him to be shunned and avoided. The City and its' Police Department, Chief Brizzee, officer Dolzadelli and others engaged in other acts and conduct against plaintiff, acts now unknown to plaintiff but plaintiff is informed and believes those acts included officer Dolzadelli who knew or should have known that oral and written disclosure of confidential medical information to plaintiffs employer was a direct violation of the laws of the State of California and subject to suit under the provisions of [HIPAA]. This is the proper venue for this action under HIPAA []; U.S. Cons. 1st. 4th and 14th Amendment, but nevertheless made such disclosures to the Los Banos Unified School District which resulted in plaintiffs termination of his long term teaching position.
>
> 14.   The disclosure by defendants was a public disclosure to a large number of people in that defendants circulated an Incident Report and other writings and restated orally its contents to plaintiffs Superiors at the Los Banos Unified School District; to plaintiffs wife (who subsequently filed a divorce against plaintiff based on such disclosures) as a basis and excuse to conduct an illegal search of plaintiffs home; to the general public orally and upon the distribution of Incident Reports.
>
> 17.   The private facts disclosed by defendants were not a legitimate public concern, were intrusive and violated State and Federal law and did not accurately report plaintiff's medical, physical and psychiatric condition.
>
> 25.   Each publication and utterance by defendants, and each of them, is libelous on its face for slander.  It clearly exposes plaintiff to hatred, contempt, ridicule, and obloquy and causes him to be shunned and avoided in the community and effects his employment because the claims of defendants are false and made by them in connection with an illegal detention of plaintiff.
>
> Dolzadelli's disclosures to plaintiff's employer and other members of the general public, of confidential information involving plaintiff's medical condition, his care and treatment and publically revealed orally and in writing personal and embarrassing information about plaintiff to his employer and members of the public which was negligent, malicious and reckless.  Medical disclosures were made without the knowledge or consent of plaintiff which violated his Civil and Constitutional rights under color of law and plaintiff's privacy and confidentiality resulting in the loss in June, 2011 of plaintiff's employment with the Los Banos Unified School District.
>
> 26.   Each publication and utterance by defendants, and each of them, was seen and read and heard by residents of Los Banos and Merced County including law enforcement individuals and other government related individuals.
>
> 34.   Defendants made the disclosures with the intent to vex, injure or annoy plaintiff or a willful and conscious disregard of plaintiff's right's[sic] by conducting a pretextual search of a plaintiff's home; reporting to plaintiff's employer his medical, physical and psychiatric condition in violation of the laws of the State of California and under the

      provision of [HIPAA].  Plaintiff therefore seeks and award of punitive damages against the individual defendants.

      42.      By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the 1st, 4th and 14th Amendments of the United States Constitution and the laws enacted there under [sic] in that defendants' deprived plaintiff of liberty and property without due process of law.

Absolutely nothing in these paragraphs presents any specific facts suggesting an act was taken in furtherance of an official policy or a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity."  Nor has Plaintiff allefed that any act was taken by an "official whose acts fairly represent official policy such that the challenged action constituted official policy" or that "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate."  Conclusory allegations, such as that "various defendants, and each of them, ratified, concurred in and contributed to the various acts and omissions of each and all of the other defendants," Compl. at ¶ 3, are insufficient.

     Defendants' motion to dismiss the civil rights claims against the City is GRANTED.

### 2.     **Federal Civil Rights Claims Against Defendant Brizzee.**

     Likewise, Plaintiff does not allege that Defendant Brizzee undertook any specific acts that violated Plaintiff's rights.  Defendant Brizzee cannot be held vicariously liable for the acts of his subordinate.  It is well-established that officials are generally not liable for actions of their subordinates on any theory of vicarious liability.  *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir .2001) (internal citation omitted).  A supervisor such as Chief Brizzee can only be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation[;] or for conduct that showed a reckless or callous indifference to the rights of others."  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal citation omitted).  The Complaint alleges no such conduct.

     The motion to dismiss the federal civil rights claims against Chief Brizzee is GRANTED.

### 3. **Section 1981 Claim.**

Plaintiff's complaint cites 42 U.S.C. § 1981 as an alternative basis for his civil rights claim. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

Despite its seemingly race-neutral language, it is well-accepted that section 1981 "creates a cause of action only for those discriminated against on account of their race or ethnicity...." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008). Nothing in the complaint suggests Plaintiff was discriminated against on account of his racial or ethnic background. Therefore, Plaintiff has failed to state a section 1981 claim. Defendants' motion to dismiss any claim brought under section 1981 is GRANTED.

### 4. **Section 1983 Claims Against the Remaining Individual Defendants.**

The sixth cause of action generally alleges that all defendants violated section 1983 by depriving Plaintiff of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendant moves to dismiss any such claims on the ground that Plaintiff has failed to allege facts suggesting any constitutional violation occurred.

#### a. **First Amendment.**

In order to state a claim based upon a First Amendment violation, a plaintiff must allege specific facts suggesting: (1) the plaintiff engaged in speech or conduct protected under the First Amendment; (2) the defendant took action against the plaintiff; and (3) the plaintiff's protected speech or conduct or the chilling of the plaintiff's speech or conduct was a substantial motivating factor for the defendant's actions. *See Sloman v. Taslock*, 21 F.3d 1463, 1469-70 (9th Cir. 1994) (articulating the general elements of a First Amendment claim); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004)

(applying the elements articulated in *Sloman* as pleading requirements).

In response to the motion to dismiss, Plaintiff simply points to paragraph 1 of the Complaint, which provides in part:

> This is the proper venue for this action under HIPAA § 3261-262,264(a)(b)(c) 42 USC §§ 17931 through 17939; U.S. Cons. 1st. 4th and 14th Amendment in that the illegally disclosed confidential medical information of plaintiffs confinement in Los Banos Memorial Hospital to plaintiffs employer; the search without cause of plaintiffs home; the threats to plaintiffs spouse and other acts alleged herein were committed within this Court's judicial district.

This is wholly insufficient under the modern pleading standard set forth in *Iqbal*, which requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. 662, 129 S. Ct. at 1949 (internal quotation marks omitted); *see also Moss*, 572 F.3d at 969 ("for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief"). What protected speech or conduct is alleged to have motivated any action by Defendants? This is not even hinted at in the Complaint. The motion to dismiss any § 1983 claim based upon the First Amendment is GRANTED.

  **b.**  **Fourth Amendment.**

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. The Complaint mentions a "search" of Plaintiff's home in paragraphs 1, 8, 14, 20, 28, and 34, and an "illegal detention" in paragraphs 6, 8, 12, 25, and 36, but fails to provide any detail about either the search or the detention. When did they occur? Why were they unlawful? These allegations again fail to satisfy *Iqbal*. The motion to dismiss any § 1983 claim based upon the Fourth Amendment claim is GRANTED.

  **c.**  **Fourteenth Amendment.**

The Sixth Cause of Action also alleges that Defendants violated Plaintiff's Fourteenth Amendment rights by depriving him of liberty and property without due process of law. There are two

8

possible forms of a Fourteenth Amendment claim: substantive and procedural. To state a substantive due process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). To state a claim for violation of procedural due process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

The Complaint entirely fails to explain of what constitutionally protected life, liberty, or property interest Plaintiff was deprived, or what procedural protections were denied him. The motion to dismiss the Fourteenth Amendment claim is GRANTED.

Accordingly, no aspect of Plaintiff's sixth cause of action survives dismissal.

**B.   Causes of Action Related to HIPAA.**

Embedded within each of Plaintiff's state law causes of action are various references to federal statutory and regulatory provisions.

Plaintiff first cites 42 U.S.C. §§ 1320d - 1320d-9, without providing any detail about how these ten separate, lengthy provisions concerning health care information, enacted as part HIPAA, pertain to the facts of this case. Section 1302d provides a set of definitions applicable to the entire sub-part; § 1320d-1 sets forth general requirements applicable to the standards adopted pursuant to the sub-part; § 1320d-2 specifies standards for "information transactions and data elements"; § 1320d-3 sets forth timetables for the adoption of standards by the relevant administrative agency; § 1320d-4 explains generally how health care "transactions" must be handled and when health plans must comply with various standards; § 1320d-5 provides penalties for failure to comply with the requirements and standards; § 1320d-6 describes the offense of "wrongful disclosure of individually identifiable health information"; 1320d-7 describes the effect on state law of various sub-parts; § 1320d-8 governs the processing of health care payment transactions by financial institutions; and § 1320d-9 which provides

that HIPAA shall apply to genetic information[1]. Plaintiff also cites HIPAA §§ 261-262, 264(a)-(c), which appear to have been codified as 42 U.S.C. 1320d-1320d-9, so need not be discussed separately. 45 C.F.R. § 160, 164; and 45 C.F.R. § 162.502(a), also cited by Plaintiff, are various regulations promulgated pursuant to the powers described in the statutory provisions listed above.

Plaintiff next cites 42 U.S.C. §§ 17931 – 17939, again without providing any detail about how these various provisions apply to this case. Section 17931 provides that any "business associate" that violates HIPAA is subject to the same penalties as any HIPAA covered entity; § 17934 provides more detail on this subject; and § 17938 requires certain entities that provide for data transmission of protected health care information to be contractually defined as a "business associate" of a covered entity. Section 17932 describes procedures that are to be followed in the event of a breach of HIPAA's privacy provisions; § 17937 provides for temporary notification procedures to apply to vendors of health records and other non-HIPAA covered entities. Section 17933 sets forth a process by which the Secretary of the Department of Health and Human Services is to educate covered entities, business associates, and individuals about HIPAA's requirements and protections. Section 17935 sets forth restrictions applicable to certain disclosures and sales of health information, and accounting on such disclosures. Section 17936 applies certain conditions to contracts entered into as part of a health care operation. Section 17939 updates and improves certain HIPAA enforcement procedures.

Plaintiff next cites 42 U.S.C. § 299b-22, which provides that work product produced to improve patient safety shall be considered privileged information in some circumstances, subject to certain exceptions.

All of the above-cited provisions are parts of HIPAA or its implementing regulations. It is beyond dispute, however, that HIPAA provides no private right of action to access the federal courts. *See Webb v. Smart Document Solutions LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Here, Plaintiff does

---

[1] Plaintiff further cites 42 U.S.C. § 2000ff5, which is not in the United States Codes. Presumably, Plaintiff is referring to § 2000ff-5. That provision, like 42 U.S.C. § 1320d-9 pertains to the application of HIPAA to genetic information.

10

not appear to be attempting to assert a cause of action directly under HIPAA. Rather, Plaintiff uses HIPAA as part of (or in some instances the entire) factual predicate for each of his state law claims: invasion of privacy, defamation, intentional infliction of emotional distress, interference with advantageous relationships, and negligence.

In an apparent attempt to persuade the Court that it has jurisdiction to adjudicate these HIPAA-based claims, Plaintiff cites *Mony Life Ins. Co v. Crenshaw*, 318 F. Supp. 2d 1015 (2004), which discussed HIPAA in the context of an ethics dispute between plaintiff and defense counsel. Specifically, the plaintiff, Crenshaw, claimed that defense counsel's ex parte communications with a medical expert who previously examined Crenshaw violated HIPAA. *See id*. at 1028. The district court recognized that California law did not prohibit an attorney's ex parte contact with a non-treating physician. *Id*. However, it also recognized that "this principle ... may conflict with the purposes and procedures of HIPAA." *Id*. The district court then explained the rules that controlled whether California's disclosure requirements or HIPAA's controlled the state law claims in that case, heard pursuant to diversity jurisdiction:

> Rule 501 of the Federal Rules of Evidence states that in civil cases where state law supplies the rule of decision, "the privilege of a ... person ... shall be determined in accordance with state law." Fed. R. Evid. 501. However, to the extent there is a difference between procedure under California law and under HIPAA, the Court must decide which applies. The Supreme Court set the difficult-to-apply standard for answering this question. A federal practice will be enforced by a district court over a contrary state practice if the state procedure is "not a rule intended to be bound up with the definition of the rights and obligations of the parties...." *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 536 (1958). The Court balances the federal interest against the state's interest.
>
> HIPAA's stated purpose of protecting a patient's right to the confidentiality of his or her individual medical information is a compelling federal interest. California similarly recognizes a person's interest in protecting private medical information. See Dep't of Motor Vehicles v. Superior Court, 100 Cal.App.4th 363, 373, 122 Cal.Rptr.2d 504, 511 (Cal.Ct.App.2002).

*Id*.

After thoroughly reviewing the relevant statutes and caselaw, *Crenshaw* concluded: (1) that HIPAA controlled the disclosure issue; (2) that the communication between counsel and the medical

11

expert violated HIPAA; and (3) that defendant would be required, as a sanction for its ethical violation, to produce the expert for deposition at its own expense. Counsel was also admonished not to have any further ex parte communications with the expert. *Id*. at 1028-30.

Critically, in *Crenshaw*, the HIPAA inquiry was relevant to the litigation only insofar as counsel's violation of HIPAA might warrant sanctions against counsel under applicable ethical rules prohibiting attorneys from violating the law. *Id*. at 1028-30. Diversity jurisdiction was already established in that case. Here, in contrast, Plaintiff only invokes federal question jurisdiction. That a HIPAA violation may be a predicate to Plaintiff's various state law claims does not transform those claims into federal causes of action for purposes of jurisdiction. To do so would permit Plaintiff to make an end-run around clear precedent precluding a private right of action under HIPAA. *See Millers Nat. Ins. Co. v. Axel's Exp., Inc*., 851 F.2d 267, 270-71 (9th Cir. 1988) (where a federal law provides no private right of action "the fact that [the] federal law might be an element in [a] state law claim is not sufficient to present a federal question supporting jurisdiction").

The Sixth Cause of Action is the only claim that even arguably arises under federal law. That claim has been dismissed. Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Notrica v. Bd. of Sup'rs of County of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991). The Court is not required to provide an explanation for its decision. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Accordingly, this Court declines to exercise supplemental jurisdiction over the remaining state law claims and will not address them at this time.

## V. CONCLUSION AND ORDER

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. The only claim that even arguably arises under federal law, the Sixth Cause of Action, is DISMISSED IN ITS ENTIRETY. The Court declines to exercise supplemental jurisdiction over the remaining state law

claims at this time.

Plaintiff will be afforded one opportunity to amend. Any amended complaint shall be due within thirty (30) days of electronic service of this order. Counsel for Plaintiff is warned that further total disregard for applicable legal standards will not be tolerated.

**SO ORDERED**
**Dated: January 24, 2012**

                                        **/s/ Lawrence J. O'Neill**
                                        **United States District Judge**